**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALEXANDRE FRANCA
MARQUES, et al.,

    Plaintiffs,

vs.                                                      Case No. 3:23-cv-304-MMH-MCR

ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiffs initiated this action on March 17, 2023, by filing a three-count Complaint for Writ of Mandamus, Declaratory, and Other Relief (Doc. 1; Complaint). Upon review, the Court has identified several issues with the Complaint and its exhibits.

First, the Court notes that the Complaint's paragraph numbers are not sequentially numbered. In the Complaint, Plaintiffs initially allege paragraphs 1–10 but then restart the numbering with a new paragraph 1 in the section titled "Parties." As such, the Complaint contains multiple paragraphs with the same paragraph number. Second, the initials found in the caption of the Complaint do not match the initials of the minor children alleged in paragraphs 1–4 (of the Parties section). See Complaint ¶¶ 1–4. Third, the Court observes

that the Complaint does not appear to comply with the typography requirements set forth in the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)).  <u>See</u> Local Rule 1.08(a)-(b).  As such, the Court directs counsel to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance.  Filings which do not comply with this or any other Local Rule may be stricken.

Fourth, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).  As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. <u>See</u> <u>id.</u>  Here, in Counts II and III of the Complaint, Plaintiffs "re-allege the allegations contained in" all the previous paragraphs.  Complaint ¶¶ 35, 38.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable."  <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997);

see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). Accordingly, the Court will strike the Complaint and direct Plaintiffs to file a corrected complaint that cures the shotgun nature of the pleading and the other deficiencies identified by the Court.

Finally, the Court observes that Plaintiffs have failed to properly redact Exhibit A and Exhibit B as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin. P.). Pursuant to Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

See Rule 5.2(a); see also CM/ECF Admin. P., Part I. Here, although Plaintiffs have properly redacted the minor children's names in some instances, Exhibit A and Exhibit B include the full names of three minor children in direct violation of this Rule. See Complaint, Ex. A (Doc. 1-2) at 5; Complaint, Ex. B (Doc. 1-3) at 4–9.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party. See CM/ECF Admin. P., Part I, ¶ 1 ("It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing any

documents with the court."). Indeed, the Court's Administrative Procedures impose on the filing party the responsibility to verify "that appropriate and effective methods of redaction have been used." Id. Consequently, the Court will strike Exhibit A and Exhibit B and direct Plaintiffs to file properly redacted versions of these exhibits. The Court will also direct Plaintiffs' counsel to review Rule 5.2 and Part I of the Court's Administrative Procedures and file a notice on the Court docket certifying that:

1) Counsel has read the relevant rules; and

2) Counsel has ensured that "appropriate and effective methods of redaction" will be used for all future filings.

While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken to protect personal identifying information before it is filed on the docket. Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may remain available to the public indefinitely. As such, counsel is cautioned that failure to comply with the redaction rules going forward may warrant sanctions.

Accordingly, it is

**ORDERED:**

1. The Complaint (Doc. 1), Exhibit A (Doc. 1-2), and Exhibit B (Doc. 1-3) are **STRICKEN**.

2. The Clerk of the Court is directed to **remove** Exhibit A (Doc. 1-2) and Exhibit B (Doc. 1-3) from the Court docket.

3. Plaintiffs shall file a corrected complaint[1] consistent with the directives of this Order and properly redacted copies of Exhibit A and Exhibit B on or before **April 7, 2023**. Failure to do so may result in a dismissal of this action.

4. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

5. On or before **April 7, 2023**, Plaintiffs' counsel shall file a notice on the Court docket certifying that: 1) counsel has read Rule 5.2 and Part I of the CM/ECF Administrative Procedures, and 2) counsel has ensured that "appropriate and effective methods of redaction" will be used before all future filings.

**DONE AND ORDERED** in Jacksonville, Florida, on March 21, 2023.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

---

[1] The filing of the corrected complaint does not affect any right Plaintiffs may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

lc30
Copies to:

Counsel of Record
Pro Se Parties